THE ECONOMY LIGHT AND POWER COMPANY

*v.*

JOSEPH STEPHEN, Admr.

*Opinion filed October 19, 1900.*

INSTRUCTIONS—*instruction in an action for death construed.* An instruction authorizing a recovery if the jury believe plaintiff's intestate was using due care; that his death was caused by defendant's negligence; that he left a wife and children, and that they "have been and are deprived of their means of support," is not open to the objection that it bases a right of recovery upon the pecuniary condition of the widow and next of kin, or that it is an instruction as to the measure of damages, and, as such, erroneous.

*Economy Light and Power Co.* v. *Stephen,* 87 Ill. App. 220, affirmed.

APPEAL from the Appellate Court for the Second District;—heard in that court on appeal from the Circuit Court of Will county; the Hon. JOHN SMALL, Judge, presiding.

GARNSEY & KNOX, for appellant.

DONAHOE & MCNAUGHTON, for appellee.

Mr. JUSTICE WILKIN delivered the opinion of the court:

Appellee recovered a judgment for $5000 in the circuit court of Will county against the appellant, as damages for negligently causing the death of his intestate, Frank Duffy. The action was brought under the provisions of chapter 70 of our statutes, for the benefit of Margaret Duffy, widow, and Margaret and Catharine Duffy, minor children and next of kin to said intestate. That judgment has been affirmed by the Appellate Court, and hence this appeal.

The suit was brought against appellant, and Harry B., H. Fred and Horace Humphrey, known as Humphrey & Sons. The light and power company was engaged in the business of generating electricity and furnishing the same to customers for lighting and other purposes in the city of Joliet. Humphrey & Sons were foundrymen, and the deceased, Duffy, was in their employ. The light and power company furnished electric light for the foundry building, but the wires and fixtures belonged to Humphrey & Sons. Duffy was killed by coming in contact with a wire in the foundry building overcharged with electricity, the allegation in the declaration being that the wire became so overcharged through the negligence of the light and power company in using a transformer so out of repair as to permit a high and dangerous current to pass through it and over the wires to the lamps in the foundry building, and that Humphrey & Sons used inferior and defective wires and permitted the same to become and remain out of repair. Both defendants pleaded the general issue.

In the instructions to the jury they were directed to return a verdict in favor of the Humphreys, and the issue was submitted as to the light and power company alone, under instructions as to the law of the case, with the re-

sult above stated.  No further question is made as to the liability of Humphrey & Sons.   The only question in the case between these parties going to the substantial merits is, whether or not the negligence of appellant, as charged in the declaration, caused the death of Frank Duffy.   A volume of evidence was submitted on that question, and it is conceded by all parties that it was conflicting.  That fact, however, is no longer of importance except in determining whether the ruling of the court upon instructions was correct.   No other question of law is raised upon this appeal.

But one instruction was asked or given on behalf of the plaintiff and none were refused which were asked for the defendant.   The one given on behalf of the plaintiff is as follows:

"The court instructs the jury that if they believe, from the evidence, that on the 22d day of January, 1898, Frank Duffy came to his death, while in the exercise of ordinary care for his own safety, in the manner and by the means set forth in the amended declaration filed herein; and if the jury further believe, from the evidence, that the death of the said Frank Duffy was caused by the negligence of the defendant, Economy Light and Power·Company, as charged in the declaration; and if the jury further believe, from the evidence, that the said Frank Duffy left him surviving a widow and children, as charged in the declaration, and that such widow and children, by the death of the said Frank Duffy, have been and are deprived of their means of support, then, in law, the plaintiff is entitled to recover."

It is urged on behalf of appellant that this instruction was calculated to mislead the jury, for two reasons: First, because, as is said, it bases a right of recovery upon the pecuniary condition of the widow and next of kin of deceased, after his death; second, that it is an instruction as to the measure of damages, and as such is erroneous. The law of the case as cited by counsel is not

questioned. It is undoubtedly true that the poverty or wealth of the next of kin.is immaterial on the question of the amount of the recovery which may be had, under the statute, for wrongfully or negligently causing the death of a person; but we do not think that any intelligent jury would understand this instruction as laying down a contrary rule. To assume that the language, "have been and are deprived of their means of support," would be understood by the jury as referring to the pecuniary condition of the widow and children of the deceased, or as authorizing the jury to base their verdict on any such condition, is, in our opinion, unwarranted. The second objection to the instruction is equally untenable. In the first place, the instruction does not purport to be an instruction as to the measure of damages. It simply tells the jury that if they find the facts to be as therein stated the plaintiff is entitled to recover. The amount of damages which could be recovered is in no way intimated. It is too well settled by our former decisions to be longer a controverted question, that the measure of damages in such cases is the pecuniary injury sustained by the widow and next of kin. But this instruction in no way contravenes that rule. We do not think it can be seriously contended that one who has been deprived of his means of support by the death of another does not thereby suffer pecuniary injury or loss. It may be that this single instruction does not, of itself, fully instruct the jury as to every principle of law applicable to the case; but the question here is, whether, standing alone, it is erroneous in its announcement of the rules of law applicable to the case or calculated to mislead the jury to the prejudice of the defendant. If other necessary instructions were not given or asked it was the fault of the defendant itself.

We think the Appellate Court was clearly right in holding that there was no reversible error in the giving of the first instruction. Its judgment will be affirmed.

*Judgment affirmed.*